UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Orlando Division

Case No. _____

ERIKA COLE, n/k/a
ERIKA IANACONE,

     Plaintiff,

vs.


MRS BPO, LLC,

     Defendant.

_____/

# **COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, ERIKA COLE, n/k/a ERIKA IANACONE, by and through her undersigned

counsel, hereby sues the Defendant, MRS BPO, LLC, and alleges as follows:

1.     Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 15 U.S.C. §

1692k(d).

2.     This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. §§1692-1692o, and the Florida Consumer Collection Practices Act seeking actual

damages, statutory damages, attorney's fees and costs.

3.     Plaintiff, ERIKA COLE, n/k/a ERIKA IANACONE, (hereinafter referred to as

"Plaintiff" or "COLE"), brings this action for illegal practices of Defendant, MRS BPO, LLC,

who used false, deceptive and misleading practices, and other illegal practices, in connection

with its attempts to collect an alleged debt from the Plaintiff.

4.      Plaintiff alleges that Defendant, MRS BPO, LLC, and its debt collector employees, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, et seq. ("FCCPA").

5.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.   Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

6.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.   The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer."  *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

7.      To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct.   15 U.S.C. § 1692d(1)-(6).

8.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

## I. PARTIES-PLAINTIFF

9.      Plaintiff is a natural person who, at all times relevant to this Complaint and Jury Trial Demand.

10.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.

11.     Plaintiff is a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

12.     Plaintiff allegedly incurred a financial obligation on student loans for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

## II.   PARTIES - DEFENDANTS

13.     Defendant, MRS BPO, LLC maintains its main offices at 1930 Olney Avenue, Cherry Hill, NJ   08003.

14.     MRS BPO, LLC, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

15.     Defendant has knowledge and control of the collection activities of their agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

### III. FACTS

16.     Prior to August 24, 2013, Plaintiff borrowed funds from Chase Bank for her education which loans were assigned to National Collegiate Student Loan Trust 2005-1.

17.     On August 24, 2013, Plaintiff was sued in two separate lawsuits in Volusia County Florida on the student loans referred to above.

18.     In the lawsuits referred to above, undersigned counsel appeared as her attorney in defense of the claims filed by National Collegiate Student Loan Trust.

19.     The student loan lawsuits were eventually dismissed by Order dated April 11, 2014.

20.     By collection letters dated August 27, 2019, copies of which are attached, Defendant attempted to collect on the debts that were the basis of the lawsuits referred to in paragraph 17 hereof.

21.      The collection letters referred to above, failed to inform Plaintiff that the student loan debts were time barred.    For this reason and others, the statements in the collection letters contained deceptive and misleading information.

22.     The collection letters referred to above failed to inform Plaintiff that making any payments on the time barred debt would restart the running of the statute of limitations.   For this reason and others, the statements in the collection letters contained deceptive and misleading information.

23.     Plaintiff is an unsophisticated consumer

24.     As a "least sophisticated consumer", Plaintiff could have reasonably concluded that Defendant was asserting a claim for which she was legally liable.

25.     The tactics employed by Defendant have caused Plaintiff considerable worry, embarrassment, frustration, anger, distress, and concern that these organizations would go to this extent to collect a debt.

26.     The emotional distress has strained Plaintiff's relationships with family and friends.

27.     All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

28.     The statements in the Collection letters dated August 27, 2019 sent by Defendant to Plaintiff were false, misleading and deceptive and constituted a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(5).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

29.     Plaintiff sues the Defendant, MRS BPO, LLC, and repeats and realleges the allegations in paragraphs 1 through 28 hereof.

30.     The communications from the Defendant, MRS BPO, LLC, in the form of the allegations in the collection letters dated August 27, 2019, were in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e(1) which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays for this Court:

a.      To declare that Defendant, MRS BPO, LLC, has violated the FDCPA;

b.      To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

c.      To take whatever actions are necessary to repair Plaintiff's credit;

d.      To award Plaintiff statutory damages not to exceed $1,000.00;

e.      To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

f.      To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

g.      To award such other and further relief as the Court deems proper.

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

31.     Plaintiff sues Defendant, MRS BPO, LLC, and repeats and realleges the allegations in paragraphs 1 through 30 hereof.

32.     Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

33.     Defendant is a "person" as defined in §1.01(3), Fla. Stat.

34.     Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

        *                *                *

(9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

35.     The collection letters implicitly threatened to enforce rights that did not exist.

36.     Defendant had knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

37.     The tactics employed by Defendant have caused Plaintiff considerable worry, embarrassment, frustration, anger, distress, and concern that these organizations would go to this extent to collect a debt.

38.     The emotional distress has strained Plaintiff's relationships with family and friends.

39.     Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

40.     All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

41.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42.     As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendants, MRS BPO, LLC, are liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

43.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

44.     Plaintiff is entitled to damages under Fla. Stat. §559.77 against the Defendant.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.    Declaratory judgment that Defendants' conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendants' violations of the FCCPA.

B.    That Defendant be enjoined from any and all further illegal collection practices.

C.    Actual damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

D.    Statutory damages to Plaintiff herein pursuant to Fla. Stat. §559.77(2).

E.    Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

F.    For such other and further relief as may be just and proper.

   DATED this 6 September 2019.


                    _/s/ N. James Turner_____
                    N. James Turner, Esq.
                    Debt Relief Law Center
                    Counsel for Plaintiff
                    Florida Bar No. 0203041
                    100 S. Bumby Avenue
                    Orlando, FL 32803
                    (888) 877-5103
                    Email address:   njtlaw@gmail.com



S-SFMRSA11
PAN7JE00200550 - 589698390 I01100
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



Send Payment/Correspondence to:
MRS Associates
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
800-932-4491

Office Hours:
Monday - Thursday    9am - 9pm ET
Friday                        9am - 5pm ET



ERIKA COLE
237 E GARDENIA DR
ORANGE CITY FL 32763-7507

August 27, 2019

| CREDITOR: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1 |
| --- |
| ORIGINAL LENDER: CHASE |
| CREDITOR ACCT#: xxxx1000 |
| MRS ACCT#: LU1.11031596 |
| PRINCIPAL BALANCE:  $8,748.70 |
| INTEREST BALANCE:  $5,709.89 |
| **ACCOUNT BALANCE : $14,458.59** |

Dear ERIKA COLE,

The above referenced creditor has placed your account with our office for collection.  We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations.

Resolving a long overdue debt is never easy.  Often the hardest part is taking the first step.  We are ready to assist you to find a solution that is both fair and reasonable.

### IMPORTANT CONSUMER INFORMATION

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe $14,458.59.  Because interest may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check.  For further information, write the undersigned or call 800-932-4491.

Sincerely,

MRS Associates
800-932-4491
MRS Associates is a trade name of MRS BPO, L.L.C.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.



S-SFMRSA11
PAN7JE00200549 - 589698389 I01098
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



Send Payment/Correspondence to:
MRS Associates
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
800-932-4491

Office Hours:
Monday - Thursday   9am - 9pm ET
Friday                       9am - 5pm ET



ERIKA COLE
237 E GARDENIA DR
ORANGE CITY FL 32763-7507

August 27, 2019

| | |
|---|---|
| CREDITOR: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1 | |
| ORIGINAL LENDER: CHASE | |
| CREDITOR ACCT#: xxxx1000 | |
| MRS ACCT#: LU1.11031595 | |
| PRINCIPAL BALANCE: | $9,555.74 |
| INTEREST BALANCE: | $6,236.60 |
| **ACCOUNT BALANCE :** | **$15,792.34** |

Dear ERIKA COLE,

The above referenced creditor has placed your account with our office for collection.  We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations.

Resolving a long overdue debt is never easy.  Often the hardest part is taking the first step.  We are ready to assist you to find a solution that is both fair and reasonable.

### IMPORTANT CONSUMER INFORMATION

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe $15,792.34.  Because interest may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check.  For further information, write the undersigned or call 800-932-4491.

Sincerely,

MRS Associates
800-932-4491
MRS Associates is a trade name of MRS BPO, L.L.C.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.